977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Dewayne MCPHEARSON, Defendant-Appellant.
 No. 91-50248.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Oct. 15, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and WALKER, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 James Dewayne McPhearson appeals his conviction for possessing cocaine base with intent to distribute and for conspiracy to commit that offense, all in violation of 21 U.S.C. §§ 841(a), 846. He argues that a government witness may have committed perjury thereby necessitating a new trial and that the fruits of a key search should have been suppressed. We affirm.
 
 
 4
 * Because McPhearson does not claim that the prosecution or its agents knew of Dillard's alleged perjury, the defendant is entitled to a new trial only if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989) (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quotations omitted).
 
 
 5
 The district judge did not abuse his discretion in finding that there was not a reasonable probability that the result would have been different had Dillard not testified. Dillard was a small fish. His direct testimony occupied only 11 pages out of a 1000-page transcript. On cross-examination, McPhearson's attorney impeached him thoroughly with his own inconsistencies, so the jury is unlikely to have given his testimony substantial weight. The government produced another live witness and several pieces of documentary and circumstantial evidence, among them the rental application with McPhearson's own biographical information, that said McPhearson controlled the apartment. The district judge presided at both the trial and the hearing. He was in the best position to determine whether Dillard's testimony could have made a difference. See United States v. Shaffer, 789 F.2d 682, 689 (9th Cir.1986). We cannot say that he abused his discretion.
 
 II
 
 6
 McPhearson also claims that the district court erred in denying his motion to suppress the fruits of the search of the Altadena apartment. Assuming arguendo that McPhearson has standing to challenge the lawfulness of the search, we find the district court did not err in concluding that any defect in the search warrant would still not permit application of the exclusionary rule. There is no reason to believe either that "the officers were dishonest or reckless in preparing their affidavit" or that they "could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Leon, 468 U.S. 897, 926 (1984).
 
 
 7
 Indeed, there is ample reason to conclude that the search warrant was executed in good faith. Officer Kindred's affidavit, the veracity of which is not challenged, stated among other things that Kindred had 2 1/2 years' experience as a narcotics officer. A confidential informant had recently told him that the Altadena apartment and garage were sites of drug sales. This informant had never provided false information and had in the recent past accurately specified places in which the police would find controlled substances, leading to the arrests of 5 people. Under Kindred's direction, the informant apparently bought narcotics at the apartment; he had been searched before entering the apartment, received purchase money from the police, and emerged with drugs. The informant said he had bought them from "Scooby"--McPhearson's nickname. He also said that McPhearson had two garages at the apartment complex. A second informant, who had a lesser track record but had provided only accurate information previously, identified McPhearson's garages. Finally, Officer Kindred justified in detail, based on his experience, his reasons for searching for particular objects.
 
 III
 
 8
 The district court did not err either in denying the motion for a new trial or in suppressing evidence obtained from the Altadena apartment. Accordingly, the judgment of conviction is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Hon. Vaughn R. Walker, United States District Court for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3